**COLUMBUS (City), Plaintiff-Appellee, v. DOUGLAS, Defendant-Appellant.**

Ohio Appeals, Second District, Franklin County.

No. 4360.   Decided February 23, 1950.

Richard W. Gordon, City Atty., Glenn E. Kemp, Asst. City Atty., Columbus, for plaintiff-appellee.

Irving M. Gertner, Columbus, for defendant-appellant.

## OPINION

By HORNBECK, J.

The defendant was charged with and convicted of the violation of Section 1089-1 of the ordinances of the City of Columbus in that he unlawfully had in his possession memorandum slips of a number of shares in a scheme of chance.

It developed that the officers, upon entering the place of business of the defendant, found two books used for number writing. One of these books was found in the back room of the establishment under a table, the other underneath candy boxes in a candy case in the front of the smokeshop. An employee admitted that he owned the book found in the candy case and pleaded guilty to its possession. The defendant entered a plea of not guilty, went to trial and testified. He admitted that his place of business was used generally for the sale of numbers, that it was a place where pick-up men selling numbers met to turn over their sales to a collector, that he had been arrested and convicted many times of gambling and at least twice of writing numbers, and it further appeared that he was the owner, operator and in active charge of the place of business where the number slips were found and that he had but one employee. The candy case was in the front room regularly used in the operation of the business.

From all the facts and circumstances appearing, the trial judge was well within his province in drawing the inference either that the defendant was the active agent in the possession of the book for the purpose of sales of number slips and that the employee was but a cover-up for the defendant, or that the defendant acquiesced in and consented to the possession of the book by the employee. In the latter situation, the defendant was clearly an aider and abettor and could properly be found guilty and punished as a principal offender.

It is urged that the fact that the employee had entered a plea of guilty to the possession of one of the numbers books should have operated to absolve the defendant. This, of course, does not follow. It is also claimed that the court erred in admitting certain testimony of the defendant in response to this question: "Do you know, isn't that a turn-in station there for numbers?" The answer at that juncture was not incriminating. It was, "All I see there is pop and candy, and pop, pop and candy and shoe shine." It was in the cross-examination of the defendant that he admitted that his smokeshop was a pick-up place for fellows selling numbers. That testimony was clearly competent as showing the general

character of his place of business as it reflected upon one of the material elements of the offense charged, namely, his possession of the numbers slips.

The judgment will be affirmed.

MILLER, PJ, and WISEMAN, J, concur.